UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J. CAMERON,
    Plaintiff,

v.                                                Case No. 12-11206
                                                Honorable Patrick J. Duggan

DEPUTY MARK MESKO,
RESERVE DEPUTY JEFF MILLER,
and WASHTENAW COUNTY,
    Defendants.
_____/

## OPINION AND ORDER DENYING WASHTENAW COUNTY SHERIFF'S DEPARTMENT'S MOTION FOR "SUMMARY DISPOSITION" AND DENYING DEFENDANTS' MOTION FOR SANCTIONS

On March 16, 2012, Plaintiff filed this lawsuit against Deputy Mark Mesko, Reserve Deputy Jeff Miller, and the Washtenaw County Sheriff's Department ("Sheriff's Department"), alleging that his constitutional rights were violated when the deputies stopped his vehicle and arrested him on March 17, 2009. Specifically, Plaintiff alleged the following claims in his initial complaint: (I) unreasonable search and seizure under 42 U.S.C. § 1983 against Deputy Mark Mesko and Reserve Deputy Jeff Miller (collectively "individual defendants"); (II) false arrest under § 1983 against the individual defendants; (III) failure to protect under § 1983 against the individual defendants; and (IV) municipal liability against the Sheriff's Department.

Presently before the Court is the Sheriff's Department's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) on July 24, 2012.[1] The

---

[1] On September 20, 2012, "Defendants" also filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. "Defendants" request sanctions

motion, improperly labeled a motion for summary disposition, has been fully briefed. The Court held a motion hearing on October 4, 2012. For the reasons that follow, the Court denies as moot the request to dismiss Plaintiff's claim against the Sheriff's Department under Rule 12(b)(6) and denies the request to dismiss Plaintiff's lawsuit in its entirety under Rule 12(b)(5).[2]

## Background

As indicated above, this action arises from Plaintiff's arrest on March 17, 2009. He initially filed this lawsuit against the individual defendants and the Sheriff's Department pursuant to 42 U.S.C. § 1983 on March 16, 2012, with two days of the applicable limitations period remaining. *See Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (providing that Michigan's three-year statute of limitations for personal injury actions applies to § 1983 claims brought in the State).

On July 17, 2012, Plaintiff filed returns of service indicating that, on June 26, 2012, he "served" a summons and copy of the Complaint on each defendant by leaving

---

against Plaintiff for failing to comply with their request that he voluntarily dismiss this action due to his failure to serve them within 120 days and their claim that the statute of limitations therefore continued to run and expired thereafter. At the motion hearing, Plaintiff's counsel requested an extension of time to respond to the motion until after Defendants' motion to dismiss is decided. This Court granted the request. Nevertheless, based on the Court's ruling with respect to the pending motion to dismiss, it does not believe that Plaintiff's response is necessary and is denying the motion for sanctions.

[2]Plaintiff challenges the Sheriff's Department's standing to seek dismissal of his claims against the individual defendants. The Court finds it unnecessary to reach the standing issue as it finds no merit in the Sheriff's Department's arguments for dismissing the entire action.

copies at the "front desk of [the] Washtenaw County Sheriffs [sic] Dep[artmen]t." (ECF Nos. 5-7.) On July 18, 2012, Plaintiff requested a Clerk's Entry of Default as to each defendant. Defaults were entered the following day.

On July 24, 2012, the individual defendants and the Sheriff's Department filed a motion to set aside the Clerk's Entry of Default. Attorney Cynthia L Reach has entered an appearance on behalf of the Sheriff's Department and a limited appearance to represent the individual defendants with respect to the motion to set aside the Clerk's Entry of Default. (*See* ECF Nos. 10, 11.) Also on July 24, the Sheriff's Department filed the pending Rule 12(b) motion. On August 7, 2012, Plaintiff responded to the motion to set aside the default. A week later, on August 14, Plaintiff filed a response to the Rule 12(b) motion and a First Amended Complaint. Plaintiff's First Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), substitutes Washtenaw County for the Sheriff's Department as a defendant.[3] The Amended Complaint is otherwise substantively identical to the original complaint. (*Compare* ECF No. 1 *with* ECF No. 15.)

## Arguments

In its motion, the Sheriff's Department first seeks dismissal of Plaintiff's claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it is not a legal entity capable of being sued. The Sheriff's Department next seeks dismissal of the

---

[3]From the docket, it does not appear that Plaintiff has requested a summons to serve this new defendant or that a summons has been issued. In the usual course, a docket entry would be made to reflect such actions.

entire action pursuant to Federal Rule of Civil Procedure 12(b)(5) based on Plaintiff's failure to effectuate service on any defendant within 120 days after the initial complaint was filed.  Citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968), the Sheriff's Department argues that because proper service was not effectuated or jurisdiction otherwise acquired over the defendants, the statute of limitations was not tolled and continued to run after the 120 days for service elapsed.  (Br. in Supp. of Mot. at 3-4.)  The Sheriff's Department contends that the limitations period therefore expired on July 22, 2012.  Perhaps aware of Plaintiff's intent to file an amended complaint naming a new defendant, the Sheriff's Department adds that such a filing would not relate back to the initial complaint and therefore could not revive Plaintiff's already time-barred action.  (Br. in Supp. of Mot. at 5, citing *Sweeney v. Greenwood Index-Journal Co.*, 37 F. Supp. 484, 487-88 (W.D.S.C. 1941).)

    In response to the motion, Plaintiff argues that the filing of his First Amended Complaint rendered the Sheriff's Department's request to dismiss Plaintiff's claim against it moot.  To the extent the Sheriff's Department also is seeking to have the case dismissed against the individual defendants, Plaintiff contends that it lacks standing to assert the rights of the individual defendants and that the individual defendants are precluded from seeking dismissal of this action before the Clerk's entries of default are set aside.[4]  Alternatively, Plaintiff argues that Defendants had actual notice of the lawsuit and that

---

[4] In an opinion and order entered on this date, the Court set aside the defaults because they were improperly entered.

4

"Rule 4 of the Federal Rules of Civil Procedure 'should be construed liberally, to effectuate service where actual notice of [the] suit has been received by the defendant.'"[5] (Pl.'s Resp. Br. at 3, quoting *Rovinski v. Rowe*, 131 F.3d 687, 689 (6th Cir. 1942).) Plaintiff also responds that his amended complaint does relate back to the filing of the original complaint.

In its reply brief, the Sheriff's Department primarily addresses Plaintiff's last argument concerning whether the First Amended Complaint relates back to the filing of the original complaint.

## Analysis

The filing of the First Amended Complaint moots the Sheriff's Department's request that Plaintiff's claim against it be dismissed. The Court believes that the issue of whether the First Amended Complaint relates back to the filing of the original complaint is not before it at this time and, based on the analysis below, does not need to be reached.[6] Therefore, the only question left to be addressed is whether Plaintiff's claims against the

---

[5]Plaintiff raised the same argument in response to the individual defendants' motion to set aside the Clerk's entries of default. For the reasons discussed in the opinion and order granting that motion, the Court rejects the argument.

[6]The Court does not believe the relation-back argument set forth in the motion to dismiss is properly asserted by the individual defendants or the Sheriff's Department. The Sheriff's Department is no longer a party to this action. The issue raised by the parties in their pleadings is whether an amended complaint naming a *new party* relates back to the filing of the original complaint and therefore is timely as to the new party. Washtenaw County would be the proper party to assert this argument when, and if, it is brought into the case.

individual defendants should be dismissed because they were not served within 120 days from the filing of the original complaint.

Pursuant to the Federal Rules of Civil Procedure, and in contrast to the Michigan Court Rules, a lawsuit is not automatically dismissed due to a plaintiff's failure to serve a defendant within the time prescribed by the rules. The federal rules provide:

> If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (emphasis added). In comparison, Michigan Court Rule 2.102(E) provides that "[o]n the expiration of the summons . . . the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction." Thus, at this juncture, Plaintiff's lawsuit remains pending. Further, as explained in the following paragraph, the statute of limitations was tolled upon the filing of the lawsuit, and remained tolled, despite Plaintiff's failure to timely serve the individual defendants.

Under Michigan law, the statute of limitations is not tolled upon the filing of the complaint *unless* the summons and a copy of the complaint are served on the defendant within the time set forth in the Michigan Court Rules. *See* Mich. Comp. Laws § 600.5856. However, the Supreme Court has held that the borrowing of a statute's limitations period does not necessarily require that its service provisions will be borrowed

as well. *See West v. Conrail*, 481 U.S. 35, 107 S. Ct. 1438 (1987) (holding that the borrowing of the statute of limitations in the National Labor Relations Act for a "hybrid" suit under the federal Railway Act did not mean that the service provisions of the NLRA also would be adopted). As the *West* Court explained, federal courts "borrow only what is necessary to fill the gap left by Congress." *Id.* at 40 n.6, 107 S. Ct. 1542, n.6. The Supreme Court also has stated that federal courts "will not borrow any state tolling rule that is inconsistent with federal law." *Lewis v. City of Detroit*, No. 05-70667, 2006 WL 800743, at *4 (E.D. Mich. Mar. 28, 2006) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485, 100 S. Ct. 1790, 1795 (1980)).

> In *West*, the Court held,
>
> that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

481 U.S. at 39, 107 S. Ct. at 1541. Pursuant to Rule 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. While *West* did not address the adoption of a *State's* statute of limitations for a federal statute for which Congress did not provide a limitations period, such as in 42 U.S.C. § 1983, several Circuit Courts and this Court in *Lewis* held that *West* applies to § 1983 actions. *Lewis*, 2006 WL 800743, at **5-6 (collecting Circuit decisions finding no gap in federal law and therefore concluding that the Federal Rules of Civil Procedure govern the tolling question in § 1983 actions); *see also Butts v. Dutton*, No. 87-6249, 1989 WL 73653, at *3 (6th Cir. July 6, 1989) (quoting

7

*West*, 481 U.S. at 39, 107 S. Ct. at 1541) ("In a federal action in which a state limitations period has been borrowed, 'the action is not barred if it has been 'commenced' in compliance with [Fed.R.Civ.P.] 3 within the borrowed period.'"). As such, in the present matter, the statute of limitations was tolled upon the filing of the initial complaint regardless of the fact that Plaintiff failed to serve the named defendants within the time set forth in Federal Rule of Civil Procedure 4.

*Krupski v. Costa Crociere S.P.A.*, – U.S. – , 130 S. Ct. 2485 (2010), cited by defense counsel, does not hold otherwise. In *Krupski*, the Supreme Court addressed whether an amended complaint naming a new party relates back to the filing of the initial complaint pursuant to Federal Rules of Civil Procedure 15(c) and therefore renders the plaintiff's claims against the newly named party timely. *Id*. at 2489. *Bufalino*, also relied on by defense counsel, considered whether a lawsuit is timely filed against individual defendants named in an amended complaint in place of the fictitious designation of "Does" in the original complaint who thus were never served. 404 F.2d at 1028. While the Sixth Circuit stated that "[t]he statute of limitations is not tolled in the absence of service of process or otherwise acquiring of jurisdiction," *id*., the court relied on Michigan's tolling provisions without considering whether Michigan or federal law controlled the issue. Moreover, the Sixth Circuit's 1968 decision in *Bufalino* came well before the Supreme Court's decision in *West*. Defense counsel also refers this Court to *Robinson v. City of Pontiac*, No. 08-15279, 2012 WL 1413421 (E.D. Mich. Apr. 24, 2012). While Judge Cook's decision in *Robinson* post-dated *West*, it does not appear that he considered its holding and simply adopted the Sixth Circuit's statement in *Bufalino*.

8

For these reasons, the cases cited by defense counsel do not convince this Court that Michigan law controls when Plaintiff's lawsuit against Defendants was commenced.

In short, pursuant to Federal Rule of Civil Procedure 3, the applicable statute of limitations was tolled when Plaintiff filed his Complaint. When Plaintiff failed to serve defendants within the following 120 days, the lawsuit was not dismissed automatically and therefore the limitations period did not resume running.

As such, at this juncture, Plaintiff's claims are not barred by the applicable statute of limitations. Based on this holding, the Court does not believe that Rule 11 sanctions against Plaintiff are warranted. *See supra* n. 1.

Accordingly,

**IT IS ORDERED**, that the Washtenaw County Sheriff's Department's motion to dismiss is **DENIED AS MOOT** with respect to its request to dismiss under Federal Rule of Civil Procedure 12(b)(6) and **DENIED** with respect to its request to dismiss under Rule 12(b)(5);

**IT IS FURTHER ORDERED**, that the motion for sanctions filed by "Defendants" is **DENIED**.

Dated: October 29, 2012              s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Issa G. Haddad, Esq.
Cynthia L. Reach, Esq.