UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J. CAMERON,

       Plaintiff,

                                             Civil Case No. 12-11206
v.                                           Honorable Patrick J. Duggan

DEPUTY MARK MESKO,
RESERVE DEPUTY JEFF MILLER,
and WASHTENAW COUNTY,

       Defendants.
_____/

## ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

       On March 16, 2012, Plaintiff initiated this civil rights action against Deputy Mark Mesko, Reserve Deputy Jeff Miller, and the "Washtenaw County Sheriff's Department." On August 14, 2012, Plaintiff filed an amended complaint substituting Washtenaw County as a defendant for the Washtenaw County Sheriff's Department ("Sheriff's Department"). Plaintiff has failed to serve Defendants within the time limit set forth in Federal Rule of Civil Procedure 4(m), despite show cause orders from the Court alerting him to this deficiency. Therefore, the Court is *sua sponte* dismissing the lawsuit without prejudice.

**Procedural Background**

       As indicated above, Plaintiff initiated this action on March 16, 2012. Plaintiff filed returns of service on July 17, 2012, stating that he "served" Deputy Mark Mesko and

Reserve Deputy Jeff Miller (hereafter "Deputy Defendants") and the Sheriff's Department on June 26, 2012, by leaving summonses and copies of the Complaint at the "front desk of" the Sheriff's Department. (ECF Nos. 5-7.)

On July 18, 2012, Plaintiff filed a Request for Clerk's Entry of Default as to all defendants. (ECF No. 8.) A Clerk's Entry of Default was entered against the Deputy Defendants and the Sheriff's Department on July 19, 2012. (ECF No. 9.) On July 24, 2012, attorney Cynthia L. Reach filed notice of her appearance on behalf of the Deputy Defendants "for the *limited* purpose" of filing a motion to set aside the defaults entered against them. (ECF No. 11, emphasis added.) On the same date, she filed such a motion. (ECF No 13.) On July 24, Ms. Reach also filed a general appearance on behalf of the Sheriff's Department and filed a motion to dismiss this defendant, arguing that it is not a legal entity capable of being sued or having a judgment entered against it. (ECF Nos. 10, 12.)

On October 29, 2012, this Court denied the motion to dismiss as moot because Plaintiff removed the Sheriff's Department as a defendant in his already filed Amended Complaint. (ECF No. 20.) On the same date, the Court issued an opinion and order granting the Deputy Defendants' motion to set aside the default entered against them. (ECF No. 21.) The Court held that good cause existed to set aside the default because Plaintiff had not effectuated service on the Deputy Defendants in accordance with the Federal Rules of Civil Procedure. (*Id*. at 4.) The Court further held that, pursuant to Sixth Circuit precedent, actual notice does not substitute for proper service of process

2

(although, as the Court noted, no evidence had been presented that the Deputy Defendants were even aware of the lawsuit).[1] (*Id.* at 5-6 & n.3.) In its opinion and order, the Court specifically addressed and rejected the argument made by Plaintiff's counsel that Ms. Reach's notice of the lawsuit was sufficient to accomplish service of process. (*Id.* at 6.)

Despite the Court's statements in its October 29, 2012 decision, from that date forward, Plaintiff did not attempt to effectuate service upon the Deputy Defendants. Nor did Plaintiff seek to extend the time for service as it by then had expired. Plaintiff also never requested a summons by which to serve Washtenaw County after adding it as a defendant in his Amended Complaint. *See* Fed. R. Civ. P. 4(b) (explaining how a summons is issued). Due to Plaintiff's inaction, on January 17, 2013, this Court issued an order requiring Plaintiff to show cause by January 31, 2013, why this action should not be dismissed for lack of progress. (ECF No. 22.)

On January 31, 2013, Plaintiff filed an answer to the Court's show cause order indicating that there had been no progress because Defendants had not answered his complaint. (ECF No. 23.) In the response, Plaintiff's counsel also set forth a list of reasons why he "has been very busy" since October 29, 2012– perhaps to indicate why he had not done anything when Defendants allegedly neglected to answer the complaint. (*Id.* ¶ 10.)

Concluding that Plaintiff's answer to the show cause order reflected a failure to

---

[1] Even as of this date, the Court has seen no evidence suggesting that the Deputy Defendants have actual notice of this lawsuit.

appreciate the continued need to effectuate service on Defendants pursuant to Federal Rule of Civil Procedure 4 to get this case rolling, the Court issued a second show cause order on January 31, 2013, stating:

> It appearing that service of summons and complaint in the above-entitled matter was not made upon defendant(s) within 120 days of the amended complaint; and pursuant to the provisions of Rule 4(m) of the Federal Rules of Civil Procedure;
>
> IT IS HEREBY ORDERED that plaintiff(s) show cause in writing within fourteen (14) days why the within cause should not be dismissed without prejudice.

(ECF No. 24.)

On February 14, 2013, Plaintiff filed an answer to the Court's second show cause order which states in part: "If Plaintiff's attorney or agents were to make direct contact or *re-serve* the Defendants he may be violating the ethical rules of contacting a client who was being represented for the purpose of this service of this action." (ECF No. 25 ¶ 12, emphasis added.) Plaintiff also asserts that "Defendants should have known that there was a pending case against them and that an answer is due." (*Id.*) The answer provides no explanation for why no summons had been requested for Washtenaw County and why that defendant had not been served.

## Discussion

Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the

4

failure, the court must extend the time for service for an appropriate period.
. . .

Fed. R. Civ. P. 4(m).

More than 120 days have elapsed since Plaintiff filed his amended complaint and almost a year has gone by since he initiated this lawsuit. The court record does not reflect that he has *ever* attempted to *properly* serve the Deputy Defendants with a summons and copy of the complaint, even after being informed by this Court that the method initially used was not proper under the rules and that notice is an insufficient substitute for proper service.[2] The initial summonses issued for the Deputy Defendants have long expired, as they were issued on March 19, 2012. (*See* ECF Nos. 2, 3.) Plaintiff has never requested a summons in order to serve Washtenaw County. Plaintiff has not demonstrated "good cause" for the failure to timely serve Defendants and therefore the Court is not required to extend the time for service. *See* Fed. R. Civ. P. 4(m). While the Court nevertheless has the authority under Rule 4(m) to extend the time for service instead of dismissing the action without prejudice, it exercises its discretion not to do so under the circumstances

---

[2]Plaintiff's counsel fails to understand that, absent a waiver, a defendant's obligation to file an answer is tied to the proper service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint"). A court lacks personal jurisdiction over a defendant who has not been properly served. *See Harris v. City of Cleveland*, 7 F. App'x 452, 455-56 (6th Cir. 2001) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir.1991); *Ecclesiastical Order of Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988)) ("Without . . . personal service, a district court is without jurisdiction to render judgment against the defendant. . . . Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial.")

presented, particularly as there is no summons to extend with respect to Washtenaw County.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: February 21, 2013                                s/PATRICK J. DUGGAN
                                                                   UNITED STATES DISTRICT JUDGE

Copy to:
Issa G. Haddad, Esq.